IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES F. LESSARD,           )
                            )
           Plaintiff,       )
                            )
     v.                     )    Case No. 16 C 7551
                            )
NATIONSTAR MORTGAGE LLC,    )
                            )
           Defendant.       )

**MEMORANDUM ORDER**

When this action was up for its previously-scheduled December 22 status hearing, this Court followed its regular practice of reviewing its chambers file and saw that it did not contain a copy of a responsive pleading by defendant National Mortgage LLC ("Nationstar"). It inquired of Nationstar's counsel on the subject at the status hearing, and counsel responded that a responsive pleading had indeed been filed but that counsel had not complied with this District Court's LR 5.2(f) by delivering a paper copy to this Court's chambers. That missing copy has since been delivered to this Court's chambers, and this memorandum opinion is issued sua sponte to address some problematic aspects of that pleading.

To begin with, although most disclaimers of allegations in the Complaint pursuant to Fed. R. Civ. P. ("Rule")8(b)(5) properly track the language of that Rule, a couple of them (Answer ¶¶ 31 and 33) impermissibly go on to state "and therefore denies the allegations." That is of course oxymoronic -- how can a defendant assert the absence of information sufficient to form a <u>belief</u>

as to the truth of an allegation and yet go on to deny it?  Accordingly that language is stricken from each of those paragraphs of the Answer.

More substantively, Nationstar's counsel has advanced no fewer than a dozen Affirmative Defenses ("ADs") to the Complaint brought against it by James Lessard ("Lessard"). Because a number of those are clearly problematic, this memorandum order -- in addition to recommending that defense counsel read and pay heed to App'x ¶ 5 to this Court's opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)) -- brings these flaws to counsel's attention:

   1.   It is totally wrong, as it is totally uninformative, to state – as do ADs 1 through 4 – that Lessard's "claims may be barred" on various grounds. To the extent that Nationstar actually knows that such is the case, it is obligated to raise such now-known grounds up front or risk their forfeiture.  But if such is not the case, the proper time to advance an AD is when it really exists, rather than being a contingent possibility.

   2.   As to AD 3 in particular, which speaks of an arbitration provision in an agreement between the parties, that cannot be left in wait like a bomb that may be exploded at some future date – it certainly must be raised up front or forgone as an alternative to litigation.

   3.   AD 12, a reservation of the right to assert additional defenses if the bases for such defenses are learned in the future, is both unnecessary and really

meaningless. If that were to occur, Nationstar would have that right without any need for a current reservation.

This Court has not sought to be exhaustive in mentioning those few ADs in this memorandum order. If Lessard's counsel finds any other flaws in Nationstar's laundry list, he is free to raise them by an appropriate motion.

_____
Milton I. Shadur
Date: December 28, 2016                 Senior United States District Judge